**Doyle L. CANTRELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13671.**

Court of Criminal Appeals of Oklahoma.

July 14, 1965.

Rehearing Denied Aug. 2, 1965.

Bruce M. Townsend, Tulsa, for plaintiff in error.

No appearance for State of Oklahoma.

BUSSEY, Presiding Judge.

On the 9th day of September, 1964, Doyle L. Cantrell, hereinafter referred to as defendant appeared in open court with his attorney, Bruce M. Townsend, and entered his plea of guilty to the charge of Indecent Exposure in District Court Case No. 20661. Thereafter on the 29th day of September, 1964, this matter came on for judgment and sentence and application of the defendant for an order suspending said sentence, and the court having heard the arguments of counsel, and having considered the report of probation officer, Mr. Al B. Reed, sentenced the defendant to a term of five years imprisonment in the State Penitentiary, two years of which were suspended.

The defendant thereupon gave notice of his intention to appeal to the Court of Criminal Appeals, and a timely appeal has been perfected to this Court.

The sole question urged on appeal is that the judgment and sentence entered is excessive. With this contention we cannot agree.

The report of the probation officer contained within the record discloses that prior to the rendition of judgment and sentence, defendant had on sundry occasions been sentenced for various violations of the law, and was at the time of rendition of judgment and sentence under probation and reporting to the Federal authorities at Muskogee.

Under these circumstances, we are of the opinion that the judgment and sentence imposed by the trial court was most lenient and well within the range of punishment authorized by law.

The record discloses that the defendant was represented by competent counsel at all stages of the proceeding and at the time he entered his plea of guilty, and it further appearing that he entered his plea of guilty with full knowledge of the consequences of such plea, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

NIX and BRETT, JJ., concur.